United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 20, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 18-35542 |
| DUSTIN CHRISTOPHER TUCKER | § | |
| and | § | CHAPTER 7 |
| CRYSTAL JOY FREYMOND, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| SANDEEP AND JAYA GOEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 19-3005 |
| | § | |
| DUSTIN CHRISTOPHER TUCKER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Dustin Christopher Tucker seeks to set aside this Court's February 20, 2020 Judgment. On June 1, 2021, the Court commenced an evidentiary hearing, which concluded on August 3, 2021. For the reasons stated herein, Dustin Christopher Tucker's Motion to Set Aside Void Judgment, and Motion for Indicative Ruling and Brief in Support is denied.

### I. BACKGROUND

1. On January 4, 2019, Sandeep and Jaya Goel ("*Plaintiffs*") filed the above-styled adversary in this Bankruptcy Court.[1]

2. On April 16, 2019, this Court entered an Order granting the chapter 7 trustee's motion to sell Defendant's real property: 15 Knoll Pines Court, The Woodlands, Texas 77381 ("*Woodlands Address*").[2]

---

[1] Citations to the docket in this adversary proceeding shall take the form "ECF No. __." while citations to the bankruptcy case, 18-35542 ("*Bankruptcy Case*"), shall take the form "Bankr. ECF No. __." Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

[2] Bankr. ECF No. 79.

3. On May 24, 2019, Defendant filed a Notice of Change of Address, indicating his new address of 101D Lakeview Terrace, Montgomery, Texas 77356 ("*Montgomery Address*").[3]

4. On October 7, 2019, Defendant's attorney filed a motion to withdraw as counsel in this adversary proceeding and within the certificate of service, he gave notice of Defendant's new Montgomery Address.[4]

5. On November 27, 2019, Plaintiffs filed a Pre-Trial Statement, listing Defendant as a party and listing the Montgomery Address.[5]

6. On December 4, 2019, Plaintiffs filed a certificate of service regarding this Court's Order Re-Setting Pre-Trial Conference, indicating service on Defendant at his Montgomery Address.[6]

7. On January 27, 2020, this Court held its Pre-Trial Conference in which only Plaintiffs' counsel, Mr. Branch Sheppard, appeared.[7]

8. On February 18, 2020, however, Plaintiffs filed a certificate of service regarding the Notice of Trial Setting, indicating service on Defendant at his former Woodlands Address.[8]

9. On February 20, 2020, a trial was held in this adversary proceeding but only Plaintiffs and their counsel were present. At the conclusion of the trial, this Court entered a non-dischargeable judgment in favor of Plaintiffs against Defendant in the amount of $432,465.91 ("*Judgment*").[9]

10. On July 15, 2020, Plaintiffs filed an abstract of judgment[10] and, on the same date, filed a motion to appoint a receiver ("*Motion to Appoint*").[11] Plaintiffs filed a certificate of service for the Motion to Appoint, indicating service on Defendant at both the Woodlands Address and the Montgomery Address.[12]

11. On July 30, 2020, the Court issued an order setting a hearing on the Motion to Appoint.[13]

12. On July 31, 2020, Plaintiffs filed a certificate of service regarding the July 30, 2020 Order Setting Electronic Hearing, indicating service on Defendant at both the Woodlands and Montgomery addresses.[14]

---

[3] Bankr. ECF No. 87.
[4] ECF No. 34.
[5] ECF No. 41 at 2.
[6] ECF No. 42.
[7] January 27, 2020 Min. Entry.
[8] ECF No. 44.
[9] ECF No. 54.
[10] ECF No. 57.
[11] ECF No. 58.
[12] *Id.* at 9.
[13] ECF No. 59.
[14] ECF No. 60.

13. On August 12, 2020, Defendant, *pro se*, filed a response to Plaintiffs' Motion to Appoint.[15] That same day, Defendant appeared at the hearing on Plaintiffs' Motion to Appoint.[16]

14. On September 11, 2020, Defendant, again *pro se*, filed an amended response to Plaintiffs' Motion to Appoint and also moved to set aside this Court's February 20, 2020 Judgment as void.[17] Defendant's motion to set aside was denied.[18]

15. On September 28, 2020, Defendant, this time through counsel, filed a timely notice of appeal.[19]

16. On October 20, 2020, Defendant filed an Emergency Motion for Stay Pending Appeal ("*Emergency Motion*").[20]

17. On October 23, 2020, this Court held a hearing on Defendant's Emergency Motion, during which this Court found that service of the Notice of Trial Setting by Plaintiffs was improper.[21]

18. On October 27, 2020, this Court entered its Order Granting New Trial, vacating the Judgment and ordering a new trial.[22]

19. On November 3, 2020, Defendant's appeal was transmitted to the District Court and the District Court commenced Case No. 4:20-cv-3408.[23]

20. On November 4, 2020, Plaintiffs filed a notice of appeal regarding the Order Granting New Trial.[24]

21. On November 6, 2020, the Clerk filed a Notice of Filing an Appeal regarding Plaintiffs' appeal.[25] The appeal was docketed as Case No. 4:20-cv-3791.[26]

22. On November 12, 2020, the District Court stayed Case No. 4:20-cv-3408, pending a final decision in Case No. 4:20-cv-3791.[27]

23. On January 18, 2021, the District Court dismissed Case No. 4:20-cv-3408.[28]

24. On February 5, 2021, Defendant, by and through his new counsel, filed the instant Motion

---

[15] ECF No. 64.
[16] August 12, 2020 Min. Entry.
[17] ECF No. 69.
[18] ECF No. 71.
[19] ECF No. 73.
[20] ECF No. 85.
[21] October 23, 2020 Min. Entry.
[22] ECF No. 92.
[23] ECF No. 100.
[24] ECF No. 101.
[25] ECF No. 103.
[26] *Id.*
[27] ECF No. 105.
[28] ECF No. 118.

to Set Aside Void Judgment, Motion for Indicative Ruling and Brief in Support ("*Motion to Set Aside*").[29]

25. On February 22, 2021, the District Court issued its Memorandum and Order, vacating this Court's October 27, 2020 Order Granting New Trial and remanded for further proceedings.[30]

26. On February 23, 2021, one year after entry of this Court's February 20, 2020 Judgment, Plaintiffs filed an amended certificate of service indicating that on Friday, January 31, 2020, Plaintiffs' counsel served the February 20, 2020 Notice of Trial Setting on Defendant at his Montgomery Address.[31]

27. On March 23, 2021, Plaintiffs filed their response to Defendant's Motion to Set Aside.[32]

28. On April 6, 2021, Defendant filed his reply to Plaintiffs' response.[33]

29. On April 28, 2021, Plaintiffs filed their sur-reply to Defendant's reply.[34]

30. On June 1, 2021, Plaintiffs filed a second amended certificate of service regarding the Notice of Trial Setting, correcting the amended certificate of service because the last two digits of Defendant's zip code were transposed therein.[35]

## II. JURISDICTION AND VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[36] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O), this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate, dischargeability of debt, the

---

[29] ECF No. 122.
[30] ECF No. 127.
[31] ECF No. 129.
[32] ECF No. 138.
[33] ECF No. 148.
[34] ECF No. 153.
[35] *Compare* ECF No. 129 *with* ECF No. 169.
[36] 28 U.S.C. § 157(a). *See also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

liquidation of assets of this estate, and the adjustment of the debtor-creditor relationship.[37] This proceeding is also core under the general "catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case.[38]

Additionally, this Court may only hear a case in which venue is proper.[39] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Venue is proper here because Defendant's principal residence in Montgomery, Texas and this Court presided over his chapter 7 bankruptcy proceeding.

### III. ANALYSIS

Defendant brings his Motion to Set Aside pursuant to Rule 60(b)(3), (4), and (6).[40] Federal Rule of Civil Procedure 60 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief.[41]

A motion under (b)(3) must be made within a reasonable time, and no more than a year after the entry of judgment, but a Rule 60(b)(4) motion filed because the judgment is void does not have a time limit.[42] Defendant's Motion to Set Aside was filed within one year of this Court's February 20, 2020 Judgment and is therefore timely for purposes of Rule 60(b)(3).

---

[37] 11 U.S.C. § 157(b)(2)(A), (I), (J), (O).
[38] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).
[39] 28 U.S.C. § 1408.
[40] ECF No. 122 at 6, ¶ 24.
[41] FED. R. CIV. P. 60(b).
[42] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996); *Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993).

Defendant argues that Plaintiffs failed to send notice to Defendant's correct address, resulting in a lack of notice to Defendant and therefore, this Court's February 20, 2020 Judgment is void.[43] The Court first describes the notices sent by Plaintiffs and admitted into evidence and then considers whether its Judgment should be set aside.

**A. Plaintiffs' Notices to Defendant**

Plaintiffs' Exhibits B-2 and B-3 were admitted into evidence at the June 1, 2021 hearing.[44] On order of this Court, Plaintiffs' attorney mailed those exhibits in original form, along with Plaintiffs' Exhibits A, B-1, C, and E, to this Court for inspection.[45]

    **1. Exhibit B-2: Certified Mail No. 9171 9690 0935 0203 2576 59 postmarked January 31, 2020**

Exhibit B-2 is an envelope with a handwritten postmark of January 31, 2020, addressed to Dustin Tucker at 101D Lakeview Terrace, Montgomery, Texas 77356, containing notice of the February 20, 2020 trial setting. Attached to the top of the envelope is a certified mail barcode sticker. The outside of the envelope also contains a yellow label dated February 25, 2020, that reads:

Return to Sender
Attempted - Not Known
Unable to Forward

On the left-hand side of the envelope is a stamp that reads: "Received FEB 27 2020." On the back of the envelope is an undetached green card bearing Defendant's Montgomery Address.

    **2. Exhibit B-3: Certified Mail No. 9171 9690 0935 0204 2488 54 postmarked December 4, 2019**

Exhibit B-3 is an envelope postmarked December 4, 2019, addressed to Dustin C. Tucker

---

[43] ECF No. 122 at 6, ¶ 24.
[44] June 21, 2021 Min. Entry.
[45] July 1, 2021 Min. Entry; August 3, 2021 Min. Entry.

at 101D Lakeview Terrace, Montgomery, Texas 77356. The envelope contains notice of the January 27, 2020 pre-trial setting. Attached to the top of the envelope is a certified mail barcode sticker. The outside of the envelope also contains a yellow label dated December 18, 2019, that reads:

> Return to Sender
> Attempted - Not Known
> Unable to Forward

Partially overlaying the yellow label is a stamp that reads: "Received DEC 26 2019." There is no evidence on the envelope that a green card was ever attached to the back of it.

## B. Whether this Court's February 20, 2020 Judgment must be set aside

### 1. Defendant's Motion to Set Aside under Federal Rule of Civil Procedure 60(b)(3)

To prevail on a motion under Rule 60(b)(3), the moving party must establish by clear and convincing evidence[46] (1) fraud or other misconduct on the part of the adverse party and (2) that the moving party did not have the opportunity to present his case fully and fairly as a result of the misconduct.[47] Defendant's Motion contains no allegation that the Judgment was procured through fraud, misrepresentation, or misconduct, other than stating that "Plaintiffs' failure to send notice to the correct address resulting in Defendant's lack of notice, was either the result of a 'mistake, inadvertence, surprise, or excusable neglect;' or due to 'misrepresentation, or misconduct by [the Plaintiffs].'"[48] Defendant provided no evidence at the hearing to establish fraud, misrepresentation, or misconduct perpetrated by Plaintiffs.

---

[46] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).
[47] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641–42 (5th Cir. 2005).
[48] ECF No. 122 at 6, ¶ 24. It's unclear from Defendant's Motion whether he was also seeking to have the Judgment set aside on Rule 60(b)(1) grounds by merely quoting the language of that subsection twice. ECF No. 122 at 3, 6, ¶¶ 14, 24. However, Defendant did not plead that Rule 60(b)(1) provides relief. *Id.* ¶ 24. Nor did Defendant present any arguments or evidence to demonstrate why the Judgment should be set aside because of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). *See also Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015) ("The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful . . . ."). Additionally, Defendant's attorney at the July 1, 2021 hearing stated "our motion does outline 60(b)(3) and 60(b)(6), in addition to 60(b)(4), so we are arguing all three." ECF No. 171 at 1:41:52–1:42:07. Defendant's attorney made no mention of Rule 6(b)(1). *Id.*

Accordingly, Defendant's Motion pursuant to Rule 60(b)(3) is denied.

2. **Defendant's Motion to Set Aside under Federal Rule of Civil Procedure 60(b)(6)**

Rule 60(b)(6) allows for a judgment to be set aside if there is "any other reason that justifies relief."[49] To obtain relief under Rule 60(b)(6), extraordinary circumstances must be present.[50] Rule 60(b)(6) is mutually exclusive with Rules 60(b)(1)–(5).[51] The reason for relief set forth under subsection (b)(6) cannot be the reason for relief sought under another subsection of 60(b).[52] Here, Defendant's sole argument—that Plaintiffs failed to send notice to Defendant's Montgomery Address, resulting in lack of notice to Defendant and thus a void judgment—falls under Rule 60(b)(4). Additionally, Defendant has not alleged or demonstrated extraordinary circumstances justifying relief pursuant to Rule 60(b)(6).

Accordingly, Defendant's Motion pursuant to Rule 60(b)(6) is denied.

3. **Defendant's Motion to Set Aside under Federal Rule of Civil Procedure 60(b)(4)**

Rule 60(b)(4) permits relief from a final judgment, order, or proceeding where the judgment is void.[53] Subsection (b)(4) applies if the judgment was premised either on a jurisdictional error or "on a violation of due process that deprives a party of notice or the opportunity to be heard."[54] "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[55] In other words, without notice of a proceeding against him, a defendant has no opportunity to be heard and thus, due process is not satisfied.

---

[49] FED. R. CIV. P. 60(b)(6).
[50] *American Totlisator Co., Inc. v. Fair Grounds Corp.* 3 F.3d 810, 815 (5th Cir. 1993).
[51] *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 (1988).
[52] *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).
[53] FED. R. CIV. P. 60(b)(4).
[54] *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).
[55] *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Defendant's Motion is premised on a violation of due process for lack of service. "[O]rdinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction[.]"[56] If this Court finds that it lacked personal jurisdiction over Defendant because of defective service of process, then it must set aside its February 20, 2020 Judgment.[57]

To effectuate service, Plaintiffs were required to conform with Rule 5, applicable in bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7005. Rule 5 provides that "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing."[58] "Papers" required to be served include orders stating that service is required and written notices, appearances, demands, or offers of judgment, or any similar paper.[59] Once a party appears, that party is entitled to have his attorney notified of all subsequent proceedings and receive copies of all papers, even if he later chooses to default.[60]

There is no dispute that Defendant made an appearance in this case and thus, was entitled to service of all papers, including the Notice of Trial Setting. To determine whether the Judgment must be set side, the Court first considers whether Exhibits B-2 and B-3 were mailed via the United States Postal Service ("*USPS*") to Defendant's last known address.

Both Exhibits B-2 and B-3 were addressed to Defendant's Montgomery Address, as discussed above.[61] It is undisputed that the Montgomery Address was Defendant's last known address. Exhibit B-2 contained a Notice of Trial Setting for the February 20, 2020 trial. Exhibit B-

---

[56] *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982).
[57] *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988)).
[58] FED. R. CIV. P. 5(b)(2)(C).
[59] *Id.* 5(a)(1)(A), (E).
[60] *Brown*, 84 F.3d at 141.
[61] See Part III(A)(1)–(2) *supra.*

3 contained a Certificate of Service and a copy of this Court's Order Re-Setting Pre-Trial Conference, as required by that Order.[62]

Defendant argued that Exhibit B-2, the envelope containing the Notice of Trial Setting, contained some irregularities, calling into question the veracity thereof. First, Defendant complained of the handwritten date, "1/31/2020," with the initials BS written in blue ink in the upper right-hand corner of the envelope where the postage meter typically type prints a date.[63] Plaintiffs' attorney, Mr. Branch Sheppard, called himself as a fact witness to testify about the handwritten date on the envelope. Mr. Sheppard testified that on Friday, January 31, 2020, while getting into the supply cabinet in the mailroom, which is adjacent to the outgoing mailbox in his law office, he noticed this envelope sitting in the outgoing mailbox.[64] He took the envelope, wrote the 1/31/2020 date and his initials on it and then placed the envelope in the USPS box on the first floor of the building.[65]

To explain why the date was handwritten, Mr. Sheppard testified that he confirmed that whenever a self-addressed, return stamped envelope is mailed from the firm, the mail clerk prints that return envelope using the "no date" setting on the postage meter because it is uncertain when the recipient will return the self-addressed envelope and USPS is not supposed to accept a piece of mail if the meter stamp is stale.[66] Mr. Sheppard testified that he suspects the mail clerk did not revert the postage meter setting to "print date" after using the "no date" setting, resulting in Exhibit B-2 not containing a postage-meter typed date.[67] Mr. Sheppard's testimony was uncontroverted by Defendant.

---

[62] ECF No. 38 ("Within two business days of receipt of this Order, Plaintiff must serve a copy of this Order on all parties entitled to notice of the hearing and file a certificate of service with the Clerk's office.")
[63] *Compare* ECF No. 139-3 *with* ECF No. 139-4.
[64] ECF No. 180 at 12:20–17:50.
[65] *Id.*
[66] *Id.*
[67] *Id.*

Second, Defendant complained that the printed and taped address label on Exhibit B-2 was suspicious and alluded that there may be another address under that label.[68] Mr. Sheppard testified that his former legal assistant was not proficient at printing addresses onto envelopes or labels, so she would print the address on a separate piece of paper, cut it out, and affix it using Scotch tape before mailing an envelope.[69] Plaintiffs' Exhibit E contains several green cards also with printed, cut, and taped address labels.[70] Mr. Sheppard testified that when he saw the way the address labels were prepared, he knew it was his legal assistant who prepared them because of the way they were prepared.[71] In contrast, Plaintiffs' Exhibit A contains two green cards for post-trial mailings sent to Defendant with printed address labels that are not cut out of paper and affixed with Scotch tape.[72] Mr. Sheppard testified that those green cards were prepared by the mail clerk and not his legal assistant, who was working remotely at the time due to the pandemic. Again, Mr. Sheppard's testimony was uncontroverted by Defendant.

After receiving Plaintiffs' Exhibits A–E as ordered, this Court opened each exhibit in open court via this Court's GoToMeeting video connection before the parties on August 3, 2021.[73] This Court visually inspected Exhibit B-2 using back lighting. The front of the envelope contains only one address for Defendant, the Montgomery Address. There is nothing typed or written underneath the printed and taped address label. On the green card, there is a partial address handwritten underneath the printed and taped address label. The handwritten portion reads:

> DUSTIN TUCKER
> 101D LAKEVIEW TERRACE

That is consistent with Defendant's Montgomery Address.

---

[68] *Id.* at 42:35–44:35.
[69] *Id.* at 20:50–23:45.
[70] Admitted into evidence. June 1, 2021 Min. Entry.
[71] ECF No. 180 at 20:50–23:45.
[72] Admitted into evidence. June 1, 2021 Min. Entry.
[73] August 3, 2021 Min. Entry.

Third, Defendant noted that there were three zip codes on Exhibit B-2, including 77381, which is associated with Defendant's old Woodlands Address.[74] Mr. Sheppard testified that zip codes 77010, 77356, and 77381 appear on Exhibit B-2.[75] However, those zip codes were not stamped on the envelope by Mr. Sheppard, they were placed on there by a USPS machine.[76] Defendant pointed out to Mr. Sheppard that the 77381 zip code does not appear on the other envelopes that were admitted into evidence and mailed by Plaintiffs to Defendant's Montgomery Address. Mr. Sheppard responded that he did not mail any of the envelopes in evidence to 77381, but that he cannot testify as to what the USPS did because he does not know.[77] Defendant did not elicit any further testimony regarding the 77381 zip code on Exhibit B-2, present any additional testimony, present any admissible evidence to controvert Mr. Sheppard's testimony, or provide any explanation as to why the 77381 zip code appears on the envelope.

Fourth, Defendant contends that the certificate of service associated with the Notice of Trial Setting demonstrates that the Notice was sent to Defendant's former Woodlands Address.[78] It is true that the certificate of service lists Defendant's Woodlands Address.[79] However, Plaintiffs filed an amended certificate of service, correcting the address to the Montgomery Address.[80] Mr. Sheppard testified that the original certificate of service was filed by his legal assistant upon his request, but without his review and as soon as the error was realized, an amended certificate of

---

[74] ECF No. 180 at 44:35–48:25.
[75] *Id.* at 45:20–47:20.
[76] *See* ECF No. 171 at 2:51:10–2:51:32. Defendant's attorney asked the postman why the 77381 was on the envelope at all and the postman replied the he cannot answer that questions because he has no recollection of how the machine put it on there.
[77] *Id.*
[78] ECF No. 129.
[79] *Id.*
[80] Plaintiffs filed an amended certificate of service on February 23, 2021. However, the last two digits of Defendant's zip code were transposed. ECF No. 129. On June 1, 2021, Plaintiffs filed a second amended certificate of service, correcting the scrivener's error. ECF No. 169.

service was filed.[81] Mr. Sheppard's testimony regarding the certificate of service was uncontroverted.[82] Despite the erroneous certificate of service, Exhibit B-2 and Mr. Sheppard's testimony conclusively establish that Plaintiffs properly addressed and mailed the Notice of Trial Setting to Defendant via USPS, which is all that the Federal Rules of Civil Procedure require.[83]

Defendant argues, however, that even if Plaintiffs sent the Notice of Trial Setting to the correct address, Defendant never received the Notice because it was returned to Mr. Sheppard's office as undeliverable, thus Plaintiffs "had good reason to suspect when the notice was returned that [Defendant] was 'no better off than if the notice had never been sent.'"[84] Defendant cites *Flowers* for the proposition that because the mail was returned, it was not "reasonably calculated" to reach Defendant and therefore, the Judgment must be set aside.[85]

In *Flowers*, the Supreme Court was "determin[ing] whether, when notice of a tax sale is mailed to the owner and returned undelivered, the government must take additional reasonable steps to provide notice before taking the owner's property."[86] The Court held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so."[87] Plaintiffs dispute that the holding in *Flowers* is applicable to cases involving solely private parties.[88] As pointed out by Plaintiffs, *Flowers* is concerned with the due process clause of the Fourteenth Amendment, which applies to the states.[89] Despite arguing that "just as in *Flowers* and its progeny, the Plaintiffs' notice was not 'reasonably calculated' to reach [Defendant,]" Defendant

---

[81] ECF No. 180 at 17:40–20:36
[82] *Id.* at 48:30–49:35, 1:02:30–1:14:40.
[83] *Nguyen v. Bank of Am., N.A.*, 2018 US Dist. LEXIS 2596, at *3 (S.D. Tex. Jan. 4, 2018).
[84] ECF No. 148 at 2, ¶ 3 (quoting *Jones v. Flowers*, 547 U.S. 220, 229 (2006)).
[85] *Id.*
[86] 547 U.S. at 223.
[87] *Id.* at 225.
[88] ECF No. 153 at 3–4, ¶ 6.
[89] *Id.* at 3, ¶ 5; *Flowers*, 547 U.S. at 223.

neither demonstrated how the holding in *Flowers* applies to private parties nor provided citations for *Flowers*'s progeny.[90]

Rule 5(b)(2)(C) leaves no room for interpretation: service is complete upon mailing to the person's last known address.[91] Because service is complete upon mailing, service is not necessarily invalidated by the return of certified mail or a party's refusal to accept such mail.[92] As found above, Plaintiffs satisfied Rule 5(b)(2)(C) by properly addressing and mailing the Notice of Trial Setting to Defendant's Montgomery Address. Moreover, Plaintiffs presented substantial evidence that Defendant consistently failed to accept receipt of certified mailings.

Plaintiffs called the postman responsible for delivering mail to Defendant's Montgomery Address as a witness.[93] The postman's testimony is summarized as follows:

- The USPS's standard procedure is to take the certified mail to the recipient's address and if the recipient doesn't answer the door, a notice is left on the door to notify the recipient that he is being sent a certified letter.[94]

- The recipient can either sign the notice and place it back in their mailbox, in which case the USPS will deliver the certified mil the next day, or the recipient can go to the post office to pick up the certified letter.[95]

- If the certified letter is not picked up within ten days of the first notice, the postman puts another notice in the recipient's mailbox saying that the letter is at the post office and needs to be picked up.[96]

---

[90] ECF No. 148 at 2, ¶ 3.
[91] *See also, e.g.*, *Vincent v. Consolidated Operating Co.*, 17 F.3d 782, 785 n.9 (5th Cir. 1994) ("Service by mail is complete upon mailing.") (citing FED. R. CIV. P. 5(b)); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1168 n.5 (5th Cir. 1980) ("Mrs. Anthony's argument fails for a second reason. FED. R. CIV. P. 5(b) provides that service is complete upon mailing. Moreover, refusal to accept mail does not vitiate service.") (citing 4 Wright & Miller, Fed. Practice & Procedure: Civil, § 1148); 1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 5.04[2][a][ii] (3d ed. 2021) ("The critical event in the service procedure under Rule 5 is the mailing, not receipt, of the papers sought to be served.").
[92] *Nguyen v. Bank of Am., N.A.*, 2018 US Dist. LEXIS 2596, at *3 (S.D. Tex. Jan. 4, 2018) (citing *Anthony*, 617 F.2d at 1168 n.5); *Texas v. Calvin*, 2020 US Dist. LEXIS 22245, at *8 (N.D. Tex. Jan. 6, 2020) (citing *Daniels v. JP Morgan Chase Bank*, 574 F. App'x 337, 338 (5th Cir. 2014) (unpublished)); 4B Wright & Miller, Federal Practice & Procedure: Civil § 1148 (4th ed. 2021) ("Since [Rule 5(b)(2)(C)] expressly directs that service is complete upon mailing, nonreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of service.").
[93] ECF No. 171 at 1:56:30–1:59:17.
[94] *Id.* at 2:10:00–2:21:30.
[95] *Id.*
[96] *Id.*

- After that, if the letter has not been picked up for another ten days, then the letter is sent to the main post office in Houston to be returned to sender. The Houston office affixes the yellow return sticker.[97]

- The postman has been delivering mail on this route since 2014 and was delivering mail on this route during the relevant period, between January 31, 2020 to February 13, 2020.[98]

- Since Defendant moved to the Montgomery Address in 2019, Defendant has let his mailbox get full, which takes about four to six weeks and then the postman will remove all the mail to keep the sanctity and safety of the mail so that the box doesn't break open.[99]

- When all the mail is removed from a full mailbox, the postman leaves a notice stating that the addressee has 10 days to pick up his mail. Any mail not retrieved after that is returned to the sender and all further mail is returned until the addressee indicates that he wants to resume his and shows his photo ID.[100]

- Usually Defendant (or his wife) would ask to have the mail resumed when they are expecting an Amazon package or a stimulus check.[101]

On cross-examination, Defendant asked the postman whether he had specific recollection of mail being delivered to Defendant from January 31, 2020 to February 13, 2020.[102] The postman responded that he did not, and that the USPS does not keep records of when mailboxes get full or when they are emptied, but that he did recollect that Defendant never picked up his mail at the post office because everything was sent back.[103] In addition to the testimony elicited from the postman on cross-examination, Defendant testified that in February 2020 he was not checking his mail every day, but at least once a week.[104] On cross-examination, Defendant testified that he would actually check his mail once every seven to ten days.[105]

The Court finds the postman's testimony to be credible and consistent with Exhibits B-2 and B-3, which reflect that both mailings were returned to sender as undeliverable to Defendant at

---

[97] *Id.* at 1:58:40–1:59:00, 2:10:00–2:21:30.
[98] *Id.* at 2:10:00–2:23:45.
[99] *Id.* at 2:10:00–2:21:30.
[100] *Id.*
[101] *Id.*
[102] ECF No. 171 at 2:21:40–2:23:45.
[103] *Id.*
[104] *Id.* at 1:04:05–1:05:05.
[105] *Id.* at 1:29:30–1:32:55.

his Montgomery Address. Defendant's testimony, although inconsistent with the postman's testimony regarding time (i.e., seven to ten days versus four to six weeks), also demonstrates that during the relevant period, Defendant checked his mail infrequently and irregularly.

Plaintiffs also demonstrated that after the February 20, 2020 Judgment was issued, Plaintiffs served their Motion to Appoint on Defendant at his Montgomery Address.[106] Defendant received service of the Motion to Appoint as evidenced by the green card signed by an "Agent" at the Montgomery Address on July 20, 2020, and returned to Plaintiffs.[107] Defendant also received service of another document[108] evidenced by the green card signed by an "Agent" at Defendant's Montgomery Address on September 21, 2020, and returned to Plaintiffs.[109] Weighing the evidence admitted, this Court finds that Defendant's nonreceipt of the Notice of Trial Setting is attributed solely to Defendant.

Accordingly, Defendant's due process argument fails and his Motion to Set Aside pursuant to Rule 60(b)(4) is denied.

## C. Defendant's Motion for Indictive Ruling or in the alternative, request to stay the proceeding until the District Court has resolved Defendant's appeal is moot

As detailed above, Defendant's appeal of this Court's order resolving his *pro se* motion to set aside was dismissed on January 18, 2021,[110] and thus, Defendant's request for an indictive ruling or to stay the proceeding are moot.

Accordingly, both requests are denied.

---

[106] June 1, 2021 Hearing Plaintiffs' Ex. A. *See also* ECF No. 58 at 9.
[107] June 1, 2021 Hearing Plaintiffs' Ex. A (Article Number 9171 9690 0935 0203 2947 84)
[108] The Court cannot find a certificate of service or any other notice on the docket associated with Plaintiffs' Ex. A, Article Number 9171 9690 0935 0249 0968 09. Nothing with that Article Number is on the docket in the main bankruptcy case, 18-35542, either. However, the evidence demonstrates that something was sent certified mail to Defendant's Montgomery Address and signed for there. June 1, 2021 Hearing Plaintiffs' Ex. A (Article Number 9171 9690 0935 0249 0968 09).
[109] June 1, 2021 Hearing Plaintiffs' Ex. A (Article Number 9171 9690 0935 0249 0968 09).
[110] ECF Nos. 69, 71, 118.

## IV. Conclusion

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED October 20, 2021

_____
Eduardo Rodriguez
United States Bankruptcy Judge